# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

JUMI LIM (a/k/a Ju-mi Lim) (임주미),

 Plaintiff,

 v.

SYNAPTICS INCORPORATED,

 Defendant.

Civil Action No. __**26 - 808**__

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

## (PRO SE)

Plaintiff Jumi Lim (a/k/a Ju-mi Lim) (임주미) ("Plaintiff"), appearing pro se as the sole owner of

U.S. Patent Nos. 8,711,136 B2 and 10,419,646 B2, brings this Complaint for patent infringement

against Defendant Synaptics Incorporated ("Synaptics" or "Defendant") and alleges as follows:

## I. THE PARTIES

1

1.  Plaintiff Jumi Lim (USPTO registered name: LIM, JUMI) is an individual residing in Busan, Korea . Plaintiff is  the sole and exclusive owner of U.S.  Patent Nos. 8,711,136 B2 and 10,419, 646 B2 (collectively, "the Patents-in-Suit"), as duly recorded with the United States Patent and Trademark Office. Plaintiff's ownership of U.S. Patent No. 8,711,136 B2 was recorded on May 23, 2019 (Assignee: LIM, JUMI).

2.  Defendant Synaptics Incorporated is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1109 McKay Drive, San Jose, California 95131. Defendant designs, manufactures, offers for sale, sells, and imports into the United States OLED Display Driver Integrated Circuits ("DDICs") and related products.

## II. JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, Title 35 of the United States Code.

4.  This Court has personal jurisdiction over Defendant because Defendant is incorporated in the State of Delaware.

5.  Venue is proper pursuant to 28 U.S.C. § 1400(b) because Defendant is incorporated in Delaware and resides in this District.

## III. THE PATENTS-IN-SUIT

6.  On April 29, 2014, the USPTO duly issued U.S. Patent No. 8,711,136 B2 ("the '136 Patent"), entitled "System and Method for Calibrating Display Device Using Transfer Functions," to inventor Jumi Lim. A certified copy is attached hereto as Exhibit A.

2

7. Plaintiff Jumi Lim is the sole and exclusive owner of the '136 Patent by assignment recorded at the USPTO on May 23, 2019 (Assignee: LIM, JUMI). A copy of the USPTO Assignment Record is attached as Exhibit C.

8. On September 17, 2019, the USPTO duly issued U.S. Patent No. 10,419,646 B2 ("the '646 Patent"), entitled "Gamma Setting System for Display Device and Gamma Setting Method Thereof," to inventor Jumi Lim. A certified copy is attached as Exhibit B.

9. Plaintiff Jumi Lim is the sole and exclusive owner of all right, title, and interest in and to the '646 Patent, including all rights to sue for past and future infringement. A copy of the USPTO Assignment Record for the '646 Patent is attached as Exhibit D.

10. The '136 Patent and '646 Patent (collectively, the "Patents-in-Suit") disclose and claim technology directed to: (i) a calibration system for OLED display devices using transfer functions, including voltage transfer functions and luminance transfer functions; (ii) a grayscale voltage generation circuit comprising DY1/DY2 dynamic resistor adjustment units, offset/gain adjustment units, and a gamma voltage adjustment unit; (iii) an IR-drop compensation unit comprising a grayscale detector and data compensator; and (iv) a null/automatic gamma register setting system using RGB efficiency calculations, tri-stimulus value computation, and lookup table interpolation.

## IV. DEFENDANT'S ACCUSED PRODUCTS

11. Defendant has made, used, offered for sale, sold, and imported into the United States OLED DDICs, including the following products and all products and devices incorporating the same (collectively, the "Accused Products"):

   (a) Synaptics ClearView R66451 OLED DDIC;

3

(b) Synaptics ClearView R66455 OLED DDIC;

(c) Synaptics ClearView R66456 OLED DDIC;

(d) Synaptics ClearView R66458 OLED DDIC;

(e) Synaptics ClearView R66460 OLED DDIC;

(f) Synaptics ClearView R66461 OLED DDIC; and

(g) all smartphone and display products incorporating any of the foregoing.

12. On information and belief, the Accused Products implement a calibration system for OLED display devices using transfer functions, including: (i) Flexible Gamma calibration technology employing voltage and luminance transfer functions; (ii) IR-Drop Compensation for OLED displays; and (iii) grayscale voltage generation circuits. The existence of these features in the Accused Products is supported by Defendant's own publicly available press releases and product announcements, as set forth herein.

13. Defendant has publicly acknowledged the technical capabilities of the Accused Products through official press releases and product announcements. On October 16, 2018, Defendant issued a press release announcing that "Synaptics ClearView OLED DDICs, Touch Controllers Featured in Huawei Mate 20 Pro," confirming deployment of its OLED DDIC products in commercial smartphones. On December 12, 2017, Defendant issued a press release announcing two new ClearView OLED DDICs. Plaintiff incorporates these public disclosures as evidence of the commercial availability and technical features of the Accused Products.

## V. COUNT I — INFRINGEMENT OF U.S. PATENT NO. 8,711,136 B2

14. Plaintiff realleges and incorporates paragraphs 1 through 13.

4

15. Defendant has directly infringed and continues to directly infringe one or more claims of the '136 Patent, including at least Claims 1, 2, 4, 5, 9, 10, 11, and 12, in violation of 35 U.S.C. § 271(a), by making, using, selling, offering for sale, and importing the Accused Products without Plaintiff's authorization.

16. On information and belief, each of the Accused Products embodies a calibration system of a display device using transfer functions, comprising: (a) a display panel; (b) a data driving IC that generates a grayscale voltage according to a predetermined gamma register value; (c) a transfer function processing unit that includes a voltage transfer function, a luminance transfer function, and a transfer function algorithm with first and second transfer factors; (d) a driving board including default code memory, target code memory, and a voltage generator; (e) a luminance measurer; and (f) a control center — as claimed in Claim 1 of the '136 Patent.

17. On information and belief, the Accused Products further include a grayscale voltage generation circuit, as claimed in Claim 9, comprising: a DY1 adjustment unit connected to the high-level gamma source voltage terminal; a DY2 adjustment unit connected to the low-level gamma source voltage terminal; an offset adjustment unit; a gain adjustment unit; and a gamma voltage adjustment unit comprising slope variable resistors and gamma registers. These elements are standard components of OLED DDIC architecture and are necessary to implement the Flexible Gamma calibration technology Defendant has publicly described.

18. On information and belief, the Accused Products further include an IR-drop compensation unit comprising a grayscale detector and a data compensator, as claimed in Claims 10-12. Defendant has publicly represented its OLED DDICs as including IR-drop compensation technology in product comparisons and technical presentations made available to the public.

19. Defendant has also indirectly infringed the '136 Patent under 35 U.S.C. § 271(b) by actively inducing customers including Huawei Technologies Co., Ltd., ASUS, and display panel manufacturers to use the Accused Products in ways that directly infringe the '136 Patent. On information and belief, Defendant provided technical integration support and documentation to customers to enable such infringing use, with knowledge of the '136 Patent.

20. Defendant's infringement of the '136 Patent has been and continues to be willful. Defendant received actual written notice of the '136 Patent by letter dated June 18, 2020, from Plaintiff, identifying the '136 Patent and specific accused products including R66451, R66455, R66456, and R66458, and specifically alleging infringement of the '136 Patent based on Defendant's flexible gamma register calibration and 2D adjustment technology. Defendant, through its Assistant General Counsel for Intellectual Property, Bernice Chen, confirmed receipt of this notice in writing on June 29, 2020. Despite actual knowledge of the '136 Patent since June 2020, Defendant has continued to make, use, sell, offer for sale, and import the Accused Products without license or authorization, constituting willful infringement.

21. As a result of Defendant's infringement, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial, but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284. Given Defendant's willful infringement, Plaintiff is entitled to enhanced damages up to three times the damages awarded, pursuant to 35 U.S.C. § 284.

## VI. COUNT II — INFRINGEMENT OF U.S. PATENT NO. 10,419,646 B2

22. Plaintiff realleges and incorporates paragraphs 1 through 21.

23. Defendant has directly infringed and continues to directly infringe one or more claims of the '646 Patent, including at least Claims 1, 6, 7, and 12, in violation of 35 U.S.C. § 271(a), by making, using, selling, offering for sale, and importing the Accused Products without Plaintiff's authorization.

24. On information and belief, each of the Accused Products embodies a gamma setting system for a display device, comprising: (a) an optical measuring unit that measures optical properties of a self-luminous display panel having red, green, and blue sub-pixels; (b) a control center that performs a null setting step and an automatic setting step; (c) a system driving unit; and (d) a first display unit — as claimed in Claim 1 of the '646 Patent.

25. On information and belief, in the null setting step, the control center of the Accused Products calculates IR drop RGB luminance based on voltage drop due to driving resistance of the display device, calculates RGB efficiency of all gray levels, calculates RGB target luminance through tri-stimulus value calculation, and generates a null code including a null gamma register through transfer function calculation — as claimed in Claim 1 of the '646 Patent.

26. On information and belief, in the automatic setting step, the control center of the Accused Products calculates RGB efficiency of at least two gray levels, calculates RGB efficiency of remaining gray levels by reference to a lookup table, and generates an automatic code including an automatic gamma register — as claimed in Claim 1 of the '646 Patent.

27. Defendant's infringement of the '646 Patent has been willful at least since May 16, 2026, when Plaintiff sent Defendant a Final Notice of Patent Infringement identifying the '646 Patent among all patents in Plaintiff's portfolio. Defendant's Assistant General Counsel, Andrew Bateman, responded on May 14, 2026, confirming receipt and declining to enter into licensing discussions, stating the matter was "closed." Despite this notice, Defendant continued its infringing activities.

7

28. As a result of Defendant's infringement of the '646 Patent, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial, but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, plus enhanced damages for willful infringement.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jumi Lim respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant as follows:

**A.** A judgment that Defendant has infringed and continues to infringe one or more claims of U.S. Patent Nos. 8,711,136 B2 and 10,419,646 B2;

**B.** A permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant and all persons acting in concert therewith from further infringement of the Patents-in-Suit;

**C.** Damages adequate to compensate Plaintiff for Defendant's infringement, in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with pre-judgment and post-judgment interest and costs;

**D.** Enhanced damages up to three times the damages found, pursuant to 35 U.S.C. § 284, on account of Defendant's willful infringement;

**E.** A finding that this is an exceptional case under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorney fees and litigation costs;

**F.** Pre-judgment and post-judgment interest at the maximum allowable rate; and

**G.** Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

8

Pursuant to Federal Rule of Civil Procedure 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff demands trial by jury on all issues so triable.

Dated: July ___, 2026

Respectfully submitted,

_____

**Jumi Lim (임주미)**

Plaintiff, Pro Se

9 Geojecheon ro 44beon gil, Busan 47209, Republic of Korea

Email: acbm026@gmail.com
      acbm@acbmai.de

## LIST OF EXHIBITS

**Exhibits based on publicly available sources only:**

Exhibit A — U.S. Patent No. 8,711,136 B2 (USPTO certified copy)

Exhibit B — U.S. Patent No. 10,419,646 B2 (USPTO certified copy)

Exhibit C — USPTO Assignment Record, U.S. Patent No. 8,711,136 B2 (Assignee: LIM, JUMI, recorded May 23, 2019)

Exhibit D — USPTO Assignment Record, U.S. Patent No. 10,419,646 B2

Exhibit E — Written notice letter from Plaintiff to Synaptics, dated June 18, 2020

Exhibit F — Email from Bernice Chen, Synaptics Assistant General Counsel IP, dated June 29, 2020 (acknowledging receipt)

Exhibit G — Email from Andrew Bateman, Synaptics Assistant General Counsel IP, dated May 14, 2026 ("this matter closed")

Exhibit H — Email from Plaintiff to Synaptics, dated May 16, 2026 (Final Notice of Patent Infringement)

Exhibit I — Synaptics Press Release: "Synaptics ClearView OLED DDICs, Touch Controllers Featured in Huawei Mate 20 Pro" (October 16, 2018)

Exhibit J — Synaptics Press Release: "Synaptics Now Sampling Two New ClearView OLED Display Driver ICs" (December 12, 2017)

## VERIFICATION

I, Jumi Lim, declare under penalty of perjury under the laws of the United States of America that the foregoing Complaint is true and correct to the best of my knowledge, information, and belief, formed after reasonable inquiry.

Executed on: July ___, 2026

*Jumi Lim*
_____

**Jumi Lim (임주미)**

(USPTO Registered Name: LIM, JUMI)